## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ALAN MAURICE CHILDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-CV-00009 NCC |
| | ) |
| PEMISCOT COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Self-represented plaintiff Alan Childress, an inmate currently incarcerated at Pemiscot County Jail in Caruthersville, Missouri, filed this civil-rights action. [ECF No. 1]. Upon review of his complaint, the Court finds that Childress's filing is defective for the foregoing reasons.

Childress moved to proceed without prepayment of the filing fees, but he failed to file a copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. [1] [ECF No. 2]. Because Childress failed to provide a copy of his inmate account statement, the Court denies his Application to Proceed in District Court Without Prepaying Fees or Costs. The Court orders Childress to, **no later than twenty-one days from the date of this Memorandum and Order**, either (1) pay the $405 filing fee or (2) file a motion to proceed without prepaying the fees along with a certified copy of his prison account statement. 28 U.S.C. § 1915(a)(2). Failure to timely pay the full filing fee or file a motion to proceed without prepayment

---

[1] Plaintiff has attempted to file twenty-seven pages of print-outs showing deposits made into his inmate account at the Jail between July 29, 2024 and December 20, 2024. [ECF No. 4]. This document cannot suffice as the six-month account statement, however, that is required to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(2). First, the document does not contain any certification by the "appropriate official of each prison at which the prisoner is ... confined." 28 U.S.C. § 1915(a)(2). Second, the document does not indicate Childress's account balance over the course of the relevant six-month period. Section 1915(a)(2) requires that a plaintiff furnish an account statement "for the 6–month period immediately preceding the filing of the complaint ...." 28 U.S.C. § 1915(a)(2).

of fees, along with a proper certified account statement, will result in the Court dismissing this case without prejudice and without further notice.

Furthermore, plaintiff will be required to amend his complaint on a Court-provided complaint form in this matter. *See* Local Rule 2.06. Although plaintiff filed his initial complaint on the Prisoner Civil Rights Complaint Form, he names defendant as "Pemiscot County Jail (Staff)" and enumerates the staff's job titles as "guard's supervisor's and jail administrator" [sic]. [ECF No. 1, p. 2]. Plaintiff cannot name multiple defendants in such a conclusory manner, as it does not properly provide notice of who plaintiff is suing. To articulate each defendant in this action, plaintiff must articulate, by first and last name, the defendants he wishes to sue.

In his "Statement of Claim," plaintiff articulates several different allegations that are unconnected in time or place and not causally related to a particular defendant. For example, he complains, in a conclusory manner that a supervisor at the Jail, Kenny Unknown, made "violent threats" against him. [ECF No. 1, p. 3]. However, he fails to state what the alleged "threats" were to his person.

Plaintiff also asserts that federal funds are being misused at the Jail by unnamed "County of Pemiscot Officials," and "the guard's [sic] are handling and passing out the inmates['] medicine and they can't even give [him] instruction's [sic] to medicine [he] is prescribe[d]." *Id*. Nonetheless, plaintiff fails to state how funds are being misused at the Jail, who is allegedly misusing the funds, and how this affects plaintiff. As to the second half of the allegations, regarding the handling of medicines at the Jail, plaintiff has failed to articulate what person at the Jail failed to provide him with instructions regarding a medicine he received and how that damaged him.

Similarly, plaintiff alleges that unnamed guards at the Jail are "responsible for checking inmates' blood sugar," but he does not indicate how this is unlawful or how it affected him. *Id*.

2

Moreover, plaintiff asserts that he has been "battling high blood pressure for four months." [ECF No. 1, p. 4]. However, plaintiff does not indicate whether he has sought to address this particular medical condition with anyone at the Jail, or if he was denied care for his alleged high blood pressure. Plaintiff states, however, that he has been told that he is on a "waiting list" to be sent to the hospital for his mental illness, but not for medical needs such as "hernia ultrasound, colon test or dentist for rotten teeth." *Id*. Again, plaintiff has not indicated if he sought treatment for these ailments or if someone at the Jail denied him treatment.

Plaintiff next argues that his hands and arms are hurt from "squatting and killing" black insects on the walls and doors for months. [ECF No. 1, p. 4]. And he claims that the Jail has black mold. Plaintiff does not indicate if he has complained to someone at the Jail relative to these alleged unlawful conditions of confinement and if he has, to whom he has complained and if the matter was addressed.

Because plaintiff is pro se and seeking to proceed in forma pauperis, the Court will allow him to amend his pleading. As written, plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights. Moreover, as set forth above, plaintiff has attempted to join too many unrelated claims in his lawsuit which is impermissible.

Although plaintiff may join in one action as many claims as he has against a *single* defendant, see Fed. R. Civ. P. 18(a), when *multiple* defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if his claims against them arise out of the same transaction or occurrence or if a series of transactions or

3

occurrences present common questions of law or fact. Unrelated claims against different defendants must be brought in different suits. Plaintiff should therefore decide what claims to pursue in this lawsuit and what claims he wishes to pursue in any separate lawsuit(s) in the future. He may seek additional complaint forms from this Court by contacting the Court Clerk.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Finally, the Court will deny plaintiff's motion for appointment of counsel at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the

4

ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. To the extent plaintiff's needs change, the Court can reevaluate the need for counsel at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice.** The Court orders plaintiff to, **within twenty-one days of the date of this Memorandum and Order** either (1) pay the filing $405 filing fee or (2) file a motion to proceed without prepaying the fees along with an accompanying certified inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with two copies of the Court-provided forms for filing prisoner civil rights complaints, as well as two copies of the Court-provided forms for seeking leave to proceed without prepaying fees in prisoner actions.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, this matter will be **DISMISSED**, without prejudice.

Dated this 17th day of January, 2025.

*/s/ Noelle C. Collins*
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE